### School District Union Negotiations

CREAMER, Attorney General, July 7, 1972.—You have asked us if a Pennsylvania School District and

the unions representing employes of that district may lawfully bargain with respect to whether or not those employes should be paid their full salary or some reduced salary should the schools be forced to close before the end of the school year because of lack of funds.

You are informed that with respect to both professional and nonprofessional employes such a subject is bargainable under the Public Employe Relations Act of July 23, 1970, P. L. 563, 43 PS §1101.101, et seq.

Section 701 of that act, 43 PS §1101.701, provides:

"Collective bargaining is the performance of the mutual obligation of the public employer and the representative of the public employes to meet at reasonable times and confer in good faith with respect to *wages, hours* and *other terms and condition of employment,* or the negotiation of an agreement or any question arising thereunder and the execution of a written contract incorporating any agreement reached but such obligation does not compel either party to agree to a proposal or require the making of a concession." (Italics supplied.)

Section 703 of the act provides:

"The parties to the collective bargaining process shall not effect or implement a provision in a collective bargaining agreement if the implementation of that provision would be in violation of, or inconsistent with, or in conflict with any statute or statutes enacted by the General Assembly of the Commonwealth of Pennsylvania or the provisions of municipal home rule charters."

It is obvious that the question of whether employes should be paid their full annual salary under the above conditions is a question respecting "wages, hours, and other terms and conditions of employ-

ment." In addition with respect to nonprofessional employes, our research indicates no statute that would conflict with a provision resolving the question either in favor of full salary or against it.

With respect to professional employes, our research does indicate certain sections of the ˉSchool Code of 1949 that might be construed so as to raise a question of such a conflict. However, it is our opinion that no conflict exists.

Section 1121 of the School Code of March 10, 1949. P. L. 30, as amended, 24 PS §11-1121, provides the form of contract to be entered into between each *tenured* professional employe and each school district. This form provides a space for the term of the contract and the annual salary figure. There is nothing in section 1121, however, that deals with the form of the collective bargaining contract. There is nothing in section 1121, furthermore, that prohibits the term of the contract to be prescribed by that collective bargaining agreement to deal with contingencies like early closing of school because of financial reasons.

Section 1121 also provides that the tenured professional employe contract should contain a clause "that this contract shall continue in force year after year, with the right of the board of school directors (or board of public education) to increase the compensation over the compensation herein stated." It might be argued that the contemplated collectively bargained contingency clause on school closing might constitute a salary decrease in violation of the quoted provision. The courts, however, have not so considered a salary rearrangement across the board, where the financial condition of a school

district requires it. See Beatty v. Olyphant Borough School District, 42 D. & C. 195 (1941).

We conclude, therefore, that section 1121 is not in conflict with a resolution of the issue either way.

Section 1153 of the School Code, 24 PS §11-1153, provides:

"When a board of school directors is compelled to close any school or schools on account of contagious disease, the destruction or damage of the school building by fire or other causes, the school district shall be liable for the salaries of the teachers of said school or schools *for the terms for which they were engaged.* Whenever a teacher is prevented from following his or her occupation as a teacher, during any period of the school term, for any of the reasons in this section specified, the school district shall be liable for the salary of such teacher for such period, at the rate of compensation stipulated in the contract between the district and the teacher, in addition to the time actually occupied in teaching by such teacher." (Italics supplied.)

We do not believe that this section is applicable to the case of school closing by reason of lack of funds, because the statute is obviously limited to school closings as a result of contagious disease or damage or destruction to school facilities by fire or other causes. The fiscal crisis now facing many of our school districts, not being one of the unforeseen disasters, does not prompt effectuation of this section.

We conclude, therefore, that the above issue is bargainable within the meaning of the Public Employe Relations Act.